**LAUFER GROUP INTERNATIONAL,**
**Plaintiff,**

v.

**TAMARACK INDUSTRIES,**
**LLC et al., Defendants.**

No. 08 Civ. 8033.

United States District Court,
S.D. New York.

Feb. 24, 2009.

Sandra Gale Behrle, Brendan Collins, Richard Bennett Cooper, Cooper, Brown & Behrle, P.C., New York, NY, for Plaintiff.

Thomas Patrick Battistoni, Schiff Hardin, L.L.P., New York, NY, for Defendants.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

## I. INTRODUCTION

Plaintiff Laufer Group International ("Laufer Group") is a non-vessel operating common carrier ("NVOCC"). Laufer Group filed a complaint, dated September 17, 2008 ("Complaint"), seeking payment for transportation services provided for raw materials and merchandise ("the Goods") that were allegedly owned by defendant Tamarack Industries, LLC ("Tamarack"), which is allegedly owned by defendants John J. Simmons, and Nancy Simmons (collectively, "Defendants"). The transportation services were provided pursuant to a bill of lading ("Bill of Lading"),

and Laufer Group brought this suit in accordance with the forum selection clause in the Bill of Lading.

On November 13, 2008, Defendants filed a motion to dismiss for lack of personal jurisdiction, waiver, and improper venue. Laufer Group responded via letter brief dated November 24, 2008. The Court held a conference on December 12, 2008. The parties were allowed to conduct limited discovery on the issue of whether the Defendants were owners of the Goods such that they could be bound by the forum selection clause in the Bill of Lading. Defendants then filed a Supplemental Declaration of John Simmons, dated January 12, 2009, and Laufer Group submitted a letter brief dated February 3, 2009.

At a conference held on February 6, 2009, the Court denied the motion to dismiss and indicated that its reasoning would be set forth in a subsequent opinion. This Decision is intended to provide that explanation.

## II. DISCUSSION

### A. *LEGAL STANDARD*

Although Defendants have specified that they are seeking dismissal based on lack of personal jurisdiction, waiver, and improper venue, when considering claims based on the applicability of a forum selection clause, the Second Circuit has "refused to pigeon-hole these claims into a particular clause of [Fed. R. Civ. P.] 12(b)." *Asoma Corp. v. SK Shipping Co., Ltd.*, 467 F.3d 817, 822 (2d Cir.2006). The Second Circuit simply requires that "where one party has shown an apparently governing forum selection clause, the party opposing litigation in the so designated forum must make a strong showing to defeat that contractual commitment." *Id.*

### B. *APPLICATION*

 Defendants contend that the Court lacks personal jurisdiction over them because they are not bound by the forum selection clause in the Bill of Lading, and because they do not have any contacts with New York. However, an applicable forum selection clause constitutes consent to personal jurisdiction. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir.2006) ("Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements.").

The forum selection clause in the Bill of Lading provides, "All disputes arising from the shipment to which this bill of lading pertains may only be instituted in the United States District Court for the Southern District of New York, which shall have exclusive jurisdiction and venue over such disputes." (Complaint, Ex. A ¶ 19.) Defendants do not argue that the forum selection clause is permissive, and the plain language of the clause supports a finding that the clause is mandatory. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir.2007) ("A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language.").

 Defendants argue that they are not parties to the Bill of Lading, The Bill of Lading lists as a party Botanical Silk Accents, Inc. ("Botanical Silk"). Defendants argue that they did not authorize Botanical Silk to accept the Bill of Lading, and that they are therefore not bound by any of the terms of the Bill of Lading, including the forum selection clause. Laufer Group contends that Defendants are subject to the forum selection clause because the Bill of Lading provides that the "owner of the goods" is jointly and severally liable for the shipping charges,

and because an owner of cargo may be bound by the terms of a shipping contract, including a forum selection clause, even if the owner was not a party to the shipping contract.

■ Under the case law in this District, the owner of cargo can be bound by a forum selection clause in a bill of lading accepted by an NVOCC or other intermediary if that party was acting on behalf of the owner, or was acting as the owner's agent, even if the cargo owner was not a party to the bill of lading. In *A.P. Moller–Maersk A/S v. Ocean Express Miami*, 550 F.Supp.2d 454 (S.D.N.Y.2008), the court determined after careful analysis of the relevant case law, including Supreme Court decisions, that the forum selection clause in a bill of lading was binding upon the cargo owner, even though the owner was not a party to the bill of lading, because: (1) the " 'normal commercial role' of an NVOCC or freight forwarder is agent of the cargo owner when it accepts a bill of lading"; (2) a contrary rule "would effectively render carriers unable to contract for selection of a forum"; (3) a contrary rule would render a carrier "unable to protect itself by contract"; and (4) "[t]he rule recognizing a freight forwarder's limited agency to bind a cargo owner to a forum selection clause by accepting a carrier's bill of lading . . . is consistent with decades of decisional and statutory law." *Id.* at 465–66; *see also Maersk, Inc. v. Neewra, Inc.*, 554 F.Supp.2d 424, 441–46 (S.D.N.Y.2008) (finding personal jurisdiction over a principal of New York corporations that were parties to bills of lading based on the forum selection clauses in the bills of lading); *American Home Assur. Co. ex rel. Stanley Door Sys. v. M/V Hanjin Marseilles*, No. 03–CV–9539, 2004 WL 1197240, at **5–6 (S.D.N.Y. June 1, 2004) (forum selection clause in bill of lading was binding upon non-signatory "on whose behalf [an] intermediary acted in arranging the shipment"); *Farrell Lines Inc. v. Columbus Cello–Poly Corp.*, 32 F.Supp.2d 118, 126 (S.D.N.Y.1997) (finding forum selection clause binding upon non-signatory and noting that "other courts have enforced forum selection clauses in bills of lading against the owner, shipper or insurer of cargo even though those parties did not sign or negotiate the bills of lading," and citing cases).

Here, Laufer Group was an NVOCC that entered into the Bill of Lading so that the shipper, named in the Bill of Lading as YT–Direct Ltd., would ship the Goods. Although Botanical Silk was listed on the Bill of Lading as the consignee and notify party, Tamarack is bound by the forum selection clause in the Bill of Lading if it was the owner of the Goods for which Laufer Group acted as the NVOCC. *See A.P. Moller–Maersk*, 550 F.Supp.2d at 465–66. Alternatively, the owner of the Goods is bound to the forum selection clause because Botanical Silk acted on behalf of the owner of the Goods when arranging for the Goods to be shipped. *See id.* Either way, the forum selection clause applies to Defendants if they are the owners of the Goods.

■ Laufer Group contends that Defendants are the owners of the Goods because a consignment agreement ("Consignment Agreement") between Tamarack and Botanical Silk establishes Tamarack as the owner of the Goods in various ways. The Consignment Agreement defines Tamarack as the "Principal" and Botanical Silk as Tamarack's "Consignee," and provides that Tamarack "shall purchase, at [its] sole discretion, Raw Materials for subsequent design, development, manufacture and sale by [Botanical Silk]." (Complaint Ex. B at 1.) The Consignment Agreement also states that "[t]itle and ownership to the Raw Material from the date of purchase

shall be held by the Principal until title is actually conveyed to a third party purchaser of the finished product in the regular course of business." (*Id.*)

Defendants argue that the Consignment Agreement was meant to be a kind of loan agreement through which Tamarack would finance Botanical Silk's sales activities, and that Tamarack did not actually own the Goods. Nevertheless, the terms of the Consignment Agreement make it clear that Tamarack was the owner of the Goods that were shipped pursuant to the Bill of Lading. Defendants are bound by the forum selection clause and personal jurisdiction therefore exists. The motion to dismiss on the ground of lack of personal jurisdiction is denied.

■ Defendants' argument concerning lack of personal jurisdiction includes an argument that Laufer Group has waived the forum selection clause by bringing suit against Botanical Silk in North Dakota. This argument is unavailing. As Laufer Group notes, the North Dakota suit is based on the alleged breach of a promissory note, and not on the Bill of Lading. The motion to dismiss on the ground of waiver is denied.

■ Finally, Defendants argue that even if personal jurisdiction over them exists, the Southern District of New York is the wrong venue for this action. However, a finding that the forum selection clause applies to the Defendants means that venue is proper here, as the forum selection clause constitutes consent to venue in the chosen forum. *See Remsen Funding Corp. v. Ocean W. Holding Corp.*, No. 06–CV–15265, 2007 WL 3254403, at *4 n. 6 (S.D.N.Y. Nov. 01, 2007) (*citing Phillips*, 494 F.3d at 386). The motion to dismiss on the ground of improper venue is denied.

## III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket No. 4) of defendants Tamarack Industries, LLC, John J. Simmons, and Nancy Simmons to dismiss the complaint for lack of personal jurisdiction and improper venue is DENIED.

**SO ORDERED.**